## JOSEPH C. TILTON

### *v.*

### FREDERICK STEIN.

LACHES—*as a defense to enforcing contract.* A delay of eight and a half years in filing a bill to enjoin the defendant from engaging in and carrying on a certain business in a place, in violation of his bond to the complainant, where a right was reserved to the defendant to finish work commenced, and to make good warranties of other work, and the violation of the contract was at intervals and under various pretexts, was held, under the circumstances, not sufficient to bar the complainant of equitable relief.

APPEAL from the Circuit Court of Bureau county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was a bill in equity, filed by Frederick Stein, against Joseph C. Tilton, to enforce the specific execution of a bond of the defendant, by enjoining him from carrying on the business of a jeweller in Geneseo. The bill was filed some eight and a half years after the date of the contract sought to be enforced. The court below granted the desired relief.

Mr. GEO. W. SHAW, for the appellant

Mr. C. DUNHAM, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a bill in chancery, filed in 1875, by Stein, against Tilton. Both the parties were and are jewellers. In 1867, Tilton was carrying on, in Geneseo, his business as such, having on hand a small stock of goods suited to that business. Tilton sold to Stein at that time, his stock of goods and the good will of his business, and gave him a bond, conditioned that Tilton would not engage in the business in Geneseo so long as Stein continued to do business as a jeweller in that place. Stein took possession of the business and has ever since continued it. The decree in the case prohibits Tilton from here-

after violating the condition of his bond.    Tilton appeals to this court.

As a chief ground upon which Tilton seeks to reverse the decree, he insists that Stein was guilty of laches in not filing his bill at an earlier day.    This objection can not prevail in this case.    In the condition of the bond was a qualification in Tilton's undertaking, which permitted him "to finish up such work as he may now have on hand, or to make good the warranties that he has given upon work heretofore done by him."

For a while, Tilton violated his contract under the pretense that he was merely finishing up work which he had on hand. For a while, he carried on the business in the name of another man; at one or more times he suspended business for a short period; and at other times gave out, in speeches among his neighbors, that he was about to quit business and move away. Defendant, all the while, asserted his claim that he should cease to violate his undertaking.    Under such circumstances the defendant ought not to be permitted to continue in his wrong, merely upon the ground that complainant has so long foreborne to resort to a court for a vindication of his rights under the contract.

After a full consideration of the allegations of the parties and the proofs, we have no doubt that the decree is right.

The decree is therefore affirmed.

*Decree affirmed.*